# CHARLESTON.

JULIA HERBECK *v.* JOSEPH HERBECK

(No. 6255)

Submitted February 19, 1929.   Decided February 26, 1929.

*Poffenbarger & Poffenbarger,* for appellant.

MAXWELL, JUDGE:

This is a divorce case.

The parties were married at Charleston January 1, 1925, and went at once to the City of Baltimore where they took up their residence.   The defendant was employed as a draftsman at Sparrows Point a few miles from the city.   About the middle of the following month the plaintiff returned to Kanawha County, West Virginia, and has not lived with her husband since that time.   She instituted this suit in the Common Pleas Court of said county about one year later.

The burden of her bill of complaint is that the defendant has been guilty of extreme cruelty toward the plaintiff; that he mistreated and abused her and made threats against her life; that he deceived her as to his nationality and by fraud secured her consent to marry him; that while she resided with

the defendant at Baltimore he would be away from her from six o'clock in the morning until seven o'clock in the evening, leaving her alone in their apartment; that she and the defendant are wholly unfitted to live together; and that they are not temperamentally suited to each other. The prayer of the bill is for an absolute divorce, or annulment of the marriage, and for general relief.

The defendant was proceeded against as a non-resident. He was not served with process. On the hearing, upon order of publication and upon the plaintiff's bill and depositions in her behalf, the court entered a decree on the 21st day of June, 1926, annulling the marriage. On the 20th day of November, 1926, after having given proper notice to the plaintiff, the defendant filed his petition in the trial court to have the proceedings reheard, whereupon, on said date, the court granted leave to the defendant to file his answer and to make such defense in the cause as was lawful and proper. Pursuant to that authority the defendant filed an answer and took the depositions of himself and others in support of his defense to the allegations of the plaintiff's bill. On final hearing, August 29, 1927, the court set aside the annulment decree of June 21, 1926, but being of opinion that the plaintiff was entitled to a divorce from bed and board from the defendant, entered a decree granting her such relief. From that decree the defendant prosecutes this appeal.

The record does not disclose any misconduct on the part of the defendant justifying the plaintiff in abandoning him at the City of Baltimore. Evidently they had some little differences, but it does not appear that he mistreated her in any particular. His absence through long hours each day from their apartment was necessitated by his regular employment by the Bethlehem Steel Company at its plant some fourteen miles away. Her allegation that prior to their marriage he deceived her as to his nationality, even if serious, is not well taken because it appears from a letter which he wrote to her parents a few weeks before their marriage that he fully disclosed that he was born of parents who had immigrated to this country some forty years ago. In this very gentlemanly letter, wherein he sought the consent of the parents to his

contemplated marriage with their daughter he told them fully about himself and offered to answer any inquiries that they might desire to make of him. The young lady was at that time residing with her parents and it must, of course, be presumed that she was informed of the contents of the letter upon its receipt by them. The parents gave their consent to the marriage and at their request an older daughter wrote the defendant to that effect. The plaintiff's lonesomeness and homesickness after she reached the City of Baltimore as the wife of the defendant did not justify her in abandoning him. He is not proven guilty of any misconduct that is recognized by our statute as ground for divorce. In the absence of such misconduct on his part she was not warranted in deserting him. *Dawkins* v. *Dawkins*, 72 W. Va. 789. But he does not seek a divorce. There appearing to be no legal basis for the decree awarding the plaintiff a divorce from bed and board, we reverse the same and dismiss the cause.

*Reversed and dismissed.*